IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

AUSTIN JONES,

    Plaintiff & Counter-Defendant,

v.

THE PRUDENTIAL INSURANCE COMPANY OF AMERICA,

    Defendant, Counter-Claimant & Third-Party Plaintiff,

and

KENTON R. STASSEN,

    Third-Party Defendant.

ORDER

24-cv-214-wmc

Consistent with the parties' joint motion for interpleader relief, the court finds good cause to enter the following order:

    1. The parties' joint motion for interpleader relief (dkts. ##16, 20) is GRANTED.

    2. Defendant The Prudential Insurance Company of America ("Prudential") SHALL distribute a check in the amount of $75,000.00 to the Clerk of Court, representing the death benefits due (the "Death Benefit") as a result of the death of Amy Dillahunt (the "Insured") in connection with group life insurance contract number G-43939-AR (the "Plan"), which was issued by Prudential to Wal-Mart Stores, Inc., PLUS applicable interest, if any (the "Interpleader Funds").

    3. Upon receipt, the Clerk of the Court SHALL deposit the Interpleader Funds into an interest-bearing account pending further direction from this court.

    4. Upon deposit of the Interpleader Funds, Prudential SHALL BE DISCHARGED from any and all liability to plaintiff Austin Jones and third-party defendant Kenton R.

Stassen (together, the "Adverse Claimants") relating in any way to, arising out of, or otherwise in connection with the Plan, Death Benefit or Interpleader Funds, and all claims, rights, interests and actions that the adverse claimants might otherwise have held against Prudential and its present and former parents, subsidiaries and affiliated corporations, predecessors, successors and assigns and their respective officers, directors, agents, employees, representatives, attorneys, fiduciaries and administrators with respect to the Plan, Death Benefit or Interpleader Funds ARE THEREBY RELEASED.

5. The adverse claimants SHALL ALSO THEREBY BE PERMANENTLY ENJOINED from making any further actual or implied claims, demands and causes of action, asserted or unasserted, express or implied, foreseen or unforeseen, real or imaginary, suspected or unsuspected, known or unknown, liquidated or unliquidated, of any kind or nature or description whatsoever, that the adverse claimants, jointly and severally, ever had, presently have, may have, or claim or assert to have, or hereinafter have, may have, or claim or assert to have, against Prudential relating to the Plan, Death Benefit and/or Interpleader Funds.

6. Therefore, adverse claimants ARE FURTHER RELEASING, REMISING, AND FOREVER DISCLAIMING all claims, rights, interests and actions that they might otherwise have held against Prudential and its present and former parents, subsidiaries and affiliated corporations, predecessors, successors and assigns and their respective officers, directors, agents, employees, representatives, attorneys, fiduciaries and administrators, relating in any way to, arising out of, or otherwise in connection with Plan, Death Benefit or Interpleader Funds.

7. Finally, upon deposit of the Interpleader Funds, Prudential SHALL BE DISMISSED FROM THIS ACTION WITH PREJUDICE AND WITHOUT COSTS OR FEES to any party, and all complaints, claims, counterclaims, cross-complaints, and crossclaims that were asserted or could have been asserted against Prudential shall be DISMISSED WITH PREJUDICE and the Clerk is DIRECTED to enter a final, partial judgment in Prudential's favor in accordance with Fed. R. Civ. P. 54(b), there being no just reason for delay.

8. This action shall be retained on the Court's docket for resolution of the adverse claimants' cross-claims to the deposited Interpleader Funds.

Entered this 18th day of October, 2024.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge