IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

AUSTIN JONES,

    Plaintiff & Counter-Defendant,

    v.

THE PRUDENTIAL INSURANCE COMPANY OF AMERICA,

    Defendant, Counter-Claimant & Third-Party Plaintiff, and

KENTON R. STASSEN,

    Third-Party Defendant.

OPINION & ORDER

24-cv-214-wmc

---

Jones initiated this action against Prudential Insurance Company of America, claiming entitlement to benefits under his mother Amy Dillahunt's Group Life Insurance Policy ("the Policy") governed by the Employee Retirement Income Security Act of 1974. (Dkt. #1.) In its answer, Prudential asserted a counterclaim and third-party complaint for relief in interpleader against plaintiff Jones and third-party defendant Stassen, respectively. (Dkt. #9, at 6.) After the parties jointly moved for interpleader relief (dkts. ##16, 20), the court granted that motion (dkt. #21), and dismissed Prudential from the action following its deposit of $75,000 to cover the amount owed to the rightful beneficiary under the Policy. (Dkts. ##22, 23.)[1]

Jones subsequently moved for summary judgment, asserting sole entitlement to Dillahunt's death benefit. (Dkts. ##26, 27.) Instead of responding to Jones' motion,

---

[1] This court has interpleader jurisdiction under 28 U.S.C. § 1335(a)(1) because the insurance policy is worth more than $500, the claimants are diverse (Jones is a citizen of Minnesota and Stassen is a citizen of Wisconsin) (dkt. #9, at 6), and Prudential has deposited the proceeds into the registry of this court. (Dkts. ##22, 23.)

Stassen moved to withdraw from the case. (Dkt. #34.) This prompted the court to warn Stassen formally that he would be dismissed from the case *unless* he promptly filed a brief in opposition to the motion for summary judgment on or before April 3, 2025. (Dkt. #35.) The court further warned that "any dismissal from the case would be *with prejudice*, meaning that he will lose any entitlement to Amy Dillahunt's life insurance death benefit previously deposited with the court." (*Id.* (emphasis added).) Because neither Stassen nor anyone else now asserts an interest in the interpleader funds deposited by Prudential, *and* Jones has established entitlement to those funds, the court will enter final judgment in his favor and direct payment of all funds to plaintiff.

## UNDISPUTED FACTS[2]

Prudential issued a group life insurance policy to Wal-Mart, and Dillahunt, as a Wal-Mart employee, purchased life insurance coverage under the policy. Dillahunt died in January 2024, making a $75,000 death benefit due. However, Dillahunt had not designated a beneficiary of the death benefit.

In the event that no beneficiary is designated, the Policy provides in relevant part that the death benefit is paid to the "first of the following: your (a) surviving spouse or domestic partner; (b) surviving child(ren) in equal shares (c) surviving parents in equal shares; (d) surviving siblings in equal shares; (e) estate." (Dkt. #9-1, at 68.) Following Dillahunt's death, Jones submitted a claim for the death benefit as her sole surviving child

---

[2] The undisputed facts are drawn from Jones' proposed findings of fact (dkt. #26), and the evidence that he submitted in support of his motion.

consistent with the Policy's terms, but Stassen also submitted a claim for the death benefit, purportedly as Dillahunt's spouse or domestic partner. In support, Stassen even filed an "affidavit of domestic partnership," in which he claimed that Dillahunt and he lived together in a domestic partnership from 2010 until her death in January 2024. (Dkt. #9-5.)

In relevant part, the Policy defines "domestic partner" (albeit in the "Dependents Insurance" section of the Policy) as either: (1) a person who "[s]atisfies the requirements for being a domestic partner, registered domestic partner or civil union partner under the law of any State or territory of the United States where the relationship was lawfully entered into"; *or* (2) a person of the same or opposite sex who satisfies all of the following:

(a) meets the legal age under state law for the creation of marriage; and

(b) is not related to you by blood or a degree of closeness that would prohibit marriage in the law of the jurisdiction in which you reside; and

(c) is mentally competent to consent to contract; and

(d) is not married to another person under statutory or common law nor in a domestic partnership, registered domestic partnership or civil union with another person; and

(e) is in a single dedicated, serious and committed relationship with you; and

(f) are in an exclusive and committed relationship similar to marriage and have been for at least 12 months and intend to continue indefinitely; and

(g) is not in the relationship solely for the purpose of obtaining benefits coverage.

(Dkt. #9-1, at 35-36.) Since different-sex domestic partnerships are not recognized in Wisconsin, Wis. Stat. § 770.05(5), the court will focus its analysis on the second definition of "domestic partner" under the Policy.

OPINION

In moving for summary judgment, plaintiff seeks an award of the $75,000 death benefit and any accrued interest. Summary judgment is appropriate when there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). To date, Stassen has not only failed to respond to Jones' motion for summary judgment, but to the court's express warning that a continued failure to do so will result in his being dismissed from this case with prejudice. Still, the court will determine whether summary judgment is appropriate. *See Boyd v. Sheffler*, No. 23-1596, 2024 WL 1342572, at *2 (7th Cir. Mar. 29, 2024) ("a district court cannot grant a summary judgment motion simply because it is unopposed").

As the court explained in its March 6 order, Stassen has lost any arguable entitlement to Dillahunt's life insurance death benefit by withdrawing from this case. (Dkt. #35.) Regardless, the evidence indicates that Dillahunt and Stassen were not in a "single dedicated, serious and committed relationship" that was similar to marriage. Instead, affidavits from Dillahunt's friend, sister, and co-worker all indicate that Dillahunt and Stassen were *not* in a romantic relationship but rather roommates out of financial necessity. (Davidson Decl. (dkt. #29) ¶¶ 7-12; Elaine Dillahunt Decl. (dkt. #30) ¶¶ 6-10; Johnson Decl. (dkt. #31) ¶ 6.) To be sure, Stassen submitted an "affidavit of domestic partnership" to Prudential (dkt. #9-5), but the court has little problem concluding that Stassen is *not* entitled to the death benefit for the reasons described above.

The remaining question is whether plaintiff Jones is entitled to the death benefit. *See* 44B Am. Jur. 2d *Interpleader* § 63 ("the failure of one claimant in

4

an interpleader proceeding to prove his or her claim does not mean that the other claimant automatically prevails"; rather "claimants must recover on the strength of their own claims rather than on the weakness of adverse ones"). In his now undisputed declaration, Jones avers that he is Dillahunt's only child. (Jones Decl. (dkt. #28) ¶ 3.) And, under the terms of Prudential's policy (absent a viable claim to the death benefit from any surviving spouse or domestic partner), he is entitled to the entire death benefit. (Dkt. #9-1, at 68.) Accordingly, the court will grant plaintiff's motion for summary judgment, direct the clerk's office to disburse the entire death benefit, plus any accrued interest, to Jones, and close this case.

## ORDER

IT IS ORDERED that:

1) Third-party defendant Kenton Stassen's motion to withdraw (dkt. #34) is GRANTED, and he is DISMISSED from this case WITH PREJUDICE.

2) Plaintiff Austin Jones' motion for summary judgment (dkt. #25) is GRANTED.

3) The Clerk of Court is directed to enter judgment and disburse the $75,000 death benefit, plus any accrued interest, held in this Court's registry by check made payable to the "Trust Account of Interpleader Law, LLC" and mailed to:

> Interpleader Law, LLC
> 5800 One Perkins Place
> Bldg. 2
> Baton Rouge, LA 70808

After which, the clerk should close this case.

Entered this 16th day of April, 2025.

BY THE COURT:
/s/

_____
WILLIAM M. CONLEY
District Judge